OPINION
Appellant, Ryan's Family Steakhouse, Inc. ("Ryan's"), appeals a judgment of the Court of Common Pleas of Allen County dismissing its motion for summary judgment and granting summary judgment in favor of Appellees, Simmons Sign Company ("Simmons"), and Terry and Jack Neon Sign Company ("Terry and Jack"). For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On January 11, 1993, Ryan's and Simmons entered into a contract for Simmons to furnish and install neon border lighting on a newly constructed Ryan's restaurant in Lima. Simmons, based in Memphis, Tennessee, subcontracted installation of the neon border sign to Terry and Jack, whose principle place of business is Lima, Ohio. Thereafter, Terry and Jack began installation of the neon border sign on May 10, 1993. Following installation of the sign, Terry and Jack made numerous service calls between July 28, 1993 and October 9, 1995, in order to replace defective and broken parts.
On November 3, 1995 a fire occurred at Ryan's, destroying a portion of the restaurant. A subsequent investigation revealed that the neon border sign caused the fire. On October 30, 1997, Ryan's brought an action against Simmons and Terry and Jack to recover for damages to its restaurant. On March 1, 1999, Ryan's moved the trial court for summary judgment. Subsequently, Terry and Jack and Simmons moved the trial court for summary judgment.
On August 26, 1999, the trial court dismissed Ryan's motion for summary judgment, and granted the motions for summary judgment filed by Simmons, and Terry and Jack, thus, rendering a final appealable order. The trial court reasoned that an exculpatory clause in the original contract between Ryan's and Simmons absolved both Simmons and Terry and Jack of liability on all issues.
Appellant now appeals, assigning four errors for our review, which will be addressed together.
 Assignment of Error No. 1 The trial court erred as a matter of law in granting Appellees' motion for summary judgment as the court must follow the standard set forth in Ohio Civil 56(C), which provides that the evidence must be construed in the light most favorable to the nonmoving party, and where genuine issues of material fact are in dispute, summary judgment must be denied.
 Assignment of Error No. 2 The trial court erred when it ruled that the Appellees were contractually relieved of any liability following the installation of the neon border lighting.
 Assignment of Error No. 3 The trial court erred as a matter of law in granting Appellees' motion for summary judgment as genuine issues of material fact exist as to whether the Appellees failed to perform their services in a workmanlike manner.
 Assignment of Error No. 4 The trial court erred as a matter of law in granting Appellees' motion for summary judgment as genuine issues of material fact exist as to whether the Appellees negligently designed and installed the neon border lighting that caused the fire in question.
In reviewing the propriety of a summary judgment, an appellate court reviews the issue under the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. It is axiomatic that a trial court is without authority to grant summary judgment unless it can be demonstrated that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United (1977), 50 Ohio St.2d 317, 327; Civ.R. 56(C).
In granting summary judgment in favor of Simmons, and Terry and Jack, the trial court held that an exculpatory clause in the contract between Ryan's and Simmons absolves all issues of liability in this matter. Article 9, Section 9.3 of the contract contains the exculpatory clause, stating:
* * *
 3. After installation is completed by Contractor, Owner assumes all liability with regard to the sign installation by Contractor including all liability (public or otherwise) for damages caused by the sign or by reason of it being on or attached to the premises.
Generally, absent unconscionability, a considerable disparity in bargaining power, or a significant public policy consideration, courts will uphold an exculpatory provision of a contract which exempts a party from liability for his or her negligence. SeeZivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367;Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84.
At the outset, the trial court noted that Ryan's drafted the contract between the parties in this matter. Additionally, the court noted that the exculpatory clause was conspicuous, was drafted voluntarily, and was agreed to by sophisticated parties that stand in roughly equal bargaining positions. As such, the court held that the exculpatory clause is not unconscionable and does not violate public policy considerations. Since Ryan's has not contested this issue on appeal, we will simply state that we agree with the trial court's ruling on this issue.
Ryan's first argues that the trial court erred in granting the summary judgment motions of Simmons, and Terry and Jack, because they claim the exculpatory clause is inapplicable. In support of its argument, Ryan's points to the affidavit of it's Vice President of New Construction, Morgan Graham. In his affidavit, Mr. Graham stated that because of the continuous service to repair problems that occurred since Ryan's originally purchased the sign, installation was never completed, and Ryan's never accepted the neon border lighting.
We must note that common words appearing in a written instrument are to be given their ordinary meaning. Foster WheelerEnviresponse, Inc. v. Franklin County Convention FacilitiesAuthority (1997), 78 Ohio St.3d 353, 361. Accordingly, when we examine the term "completed" in light of its ordinary meaning, we are not persuaded by Ryan's argument. Black's Law Dictionary defines "completed" as:
 Finished; nothing substantial remaining to be done; state of a thing that has been created, erected, constructed or done substantially according to contract.
Black's Law Dictionary (6 Ed.Rev. 1991) 196.
Even though, as Ryan's points out, there were numerous service calls involving repairs, we note that the first one did not occur until more than two months after the neon lighting was originally installed. Also, at one time, there was a period of eleven months between successive service calls. Essentially, the fact that there were service calls does not persuade us to conclude that the contract was never completed. In addition, other than Mr. Graham's affidavit, Ryan's has not provided this court with evidence that it ever manifested a refusal to accept the neon border sign. There is nothing in the record indicating that Ryan's attempted to reject the sign either verbally, or in writing. Therefore, we find Mr. Graham's affidavit to be self-serving on these issues, and it therefore fails to rebut the overwhelming evidence to the contrary and create an issue as to a material fact.
Ryan's next argues that the trial court erred because there is a genuine issue of material fact regarding whether Simmons, and Terry and Jack performed their services in a workmanlike manner. Specifically, Ryan's argues that the trial court improperly dismissed this issue based on the exculpatory clause. Instead, Ryan's claims that the trial court should have examined this issue in light of Article 2, Section 2.3 of the contract, which states in part:
* * *
 All work to be done in a timely manner and good workmanlike manner to comply with all local, state, and national codes.
In addressing this issue, we note that "[t]he cardinal purpose for judicial examination of any written instrument is to ascertain and give effect to the intent of the parties." SeeFoster Wheeler Enviresponse, Inc. v. Franklin County ConventionFacilities Authority (1997), 78 Ohio St.3d 353, 361; United StatesFire Ins. Co. v. Phil-Mar Corporation (1956), 166 Ohio St. 85. In examining several portions of a contract or transaction, it is important that the intent of the parties be gathered from a consideration of the whole. Foster Wheeler Enviresponse, Inc.,78 Ohio St.3d 353.
In examining this contract as a whole, it appears that the parties intended for all provisions of the contract, other than the exculpatory clause, to be controlling until the exculpatory clause became effective. Once the installation was completed and the exculpatory clause became effective, the intent of the contract was to transfer liability for any damages from Simmons, and Terry and Jack to Ryan's. Therefore, after the exculpatory clause became effective, Ryan's could not bring a claim for negligence to enforce any provision of the contract that could have been enforced or challenged prior to that time. To allow such a challenge would entirely defeat the purpose of the exculpatory clause.
Nevertheless, Ryan's directs our attention to Fortman v.Dayton Power Light Company (1992), 80 Ohio App.3d 525, where the court held that there was a genuine issue of material fact regarding whether a power company's failure to comply with national standards in erecting power lines was the proximate cause of a worker's death. However, this case is not applicable to the facts herein, because it did not involve a contract with an exculpatory clause. Therefore, we do not find this argument persuasive.
Finally, Ryan's argues that a material issue of fact exists regarding whether Simmons, and Terry and Jack negligently designed and installed the neon border lighting. In support of its argument, Ryan's points to the affidavit of Morgan Graham, in which Mr. Graham stated that the sign was not installed properly and was not installed pursuant to national codes. Again, the trial court held that the exculpatory clause in the contract absolves Simmons, and Terry and Jack of all liability. We agree. Once the installation of the sign was completed and accepted, Ryan's assumed all liability for damages, regardless of whether it was negligently designed or installed.
Also, we agree with the trial court when it acknowledged that Ryan's drafted the contract and had the opportunity to limit or restrict the exculpatory clause accordingly. We cannot now change the contract to suit the situation. We can only interpret the exculpatory clause in context with the entire contract.
Accordingly Appellant's assignments of error are not well taken and are therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 HADLEY, P.J., and BRYANT, J., concur.